## 19887

The STATE, Respondent, v. Jake MIMS, Appellant
(208 S. E. (2d) 288)

*Richard G. Dusenbury, Esq.,* of Florence, *for Appellant,*

46

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Deputy Atty. Gen., and Ms. Karen LeCraft Henderson, Asst. Atty. Gen.,* of Columbia, *and T. Kenneth Summerford, Sol.,* of Florence, *for Respondent,*

Sept. 3, 1974.

Moss, Chief Justice:

Jake Mims, the appellant herein, was tried, convicted and sentenced at the 1974 January Term of the Court of General Sessions for Florence County, for the illegal possession of one vial of liquid Talwin, and one vial of Mellaril tablets, classified as dangerous drugs, in violation of Section 56-1313(4) of the Code, as amended. This appeal followed.

Prior to trial, the appellant moved to suppress the evidence in this case, the two vials of prescription drugs, on the ground that the search and seizure were not based on probable cause or justified as incident to a lawful arrest. The trial judge heard the testimony with reference to this contention and denied the motion of the appellant.

According to the testimony of Faye Hill, the appellant came to her home at approximately 4:00 P. M. on August 11, 1973, bringing with him a large bag in which he had orange juice and beer and which he placed in her refrigerator. After a Mr. Keith and a Mrs. Barr arrived, the four sat around the table in the kitchen near the refrigerator and, with the exception of Mrs. Barr, had a few drinks. When the appellant left the kitchen and did not immediately return, he was found by Faye Hill lying across her bed, whereupon she told him to "get out of my bedroom" and "if you can't act better than that, you'll have to go on, and go," and his reply was that "I will give you what you need." Later the appellant announced that he had to go, whereupon she told him to get his medicine out of her refrigerator. The appellant then got mad and raised his hand as if to slap her. At this point, Mrs. Barr came over to protect her and "she told me that she saw that he was starting to slap me and she didn't want it started, and she went over to him and they got in a tanglement, and she threw him on the couch." Mrs. Barr

and Mr. Keith held the appellant on the couch until an officer, who had been summoned, arrived some six or seven minutes later. This officer was identified as Marion J. Brown.

This officer testified that he went to the Faye Hill residence because he had been advised that they were having trouble out there, and that as he approached the residence it sounded to him as if they were having trouble with the appellant. The officer said he could hear some scuffling going on, some talk about being still, and an argument going on in a high voice. It is undisputed that the appellant was the one causing the trouble.

He further testified that when he walked in the house he noticed that the appellant, who was on a couch in the living room, was trying to get up and was being held down by Mrs. Barr and Mr. Keith and that in his opinion this conduct amounted to a breach of the peace. The officer then instructed Mrs. Barr and Mr. Keith to release the appellant, and at this point the officer assumed custody of him, and at no time thereafter was the appellant free to leave. The officer testified that after he had taken him in custody, he then "frisked him down" and found the Mellaril in his coat pocket and thereafter discovered a vial of Talwin on the couch.

It is the law of this State that an officer cannot arrest one charged with a misdemeanor, not committed in his presence, without a proper warrant for such arrest being in the possession of the officer at the time of the arrest. *State v. Francis,* 152 S. C. 17, 149 S. E. 348. However, an officer does have the power and authority to arrest without a warrant those who have committed any violation of the criminal laws of this State within the view of such officer. *Prosser v. Parsons,* 245 S. C. 493, 141 S. E. (2d) 342. We quote the following from the last cited case:

" 'If an officer does not know of the acts constituting an offense, that offense is not being committed in his presence in

respect of the justification of an arrest without warrant. The acts must become known to the officer, at the time of their commission, through his sensory perception, and he must infer that they constitute an offense.' 4 Am. Jur. (2d), Arrest, Section 31, p. 721, citing in support *State v. Williams, supra,* 237 S. C. 252, 116 S. E. (2d) 858."

We quote the general rule set forth in 5 Am. Jur. (2d) Arrest, Section 27, p. 717:

"Under the common law a conservator of the peace has authority to make an arrest without a warrant for a misdemeanor involving a breach of the peace committed in his presence, or within his view. When an affray is in progress, or an offense is still in the course of being committed in the presence or view of an officer, he may arrest without warrant to prevent its continuance or completion."

In *State v. Williams,* 237 S. C. 252, 116 S. E. (2d) 858, we said:

"A crime is committed in the presence of an officer when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case."

There can be no question from the record in this case that the appellant was committing or threatening to commit a breach of the peace in the home of Faye Hill and further that the conduct of the appellant was continuing at the time the officer arrived. In this connection, it must be remembered that the officer, prior to going to the residence, had knowledge that the appellant was creating a disturbance, and as he approached the house he heard scuffling, argument, and loud talk sufficent to induce a reasonable belief in his mind that a breach of the peace was being committed.

It is our conclusion that there was sufficient probable cause for the officer to arrest the appellant for a breach of the peace committed in his presence.

Having concluded that the appellant was lawfully arrested, it follows that the search thereafter made was also lawful and the evidence obtained as a result of such search was admissible in evidence. *United States v. Robinson,* 414 U. S. 218, 94 S. Ct. 467, 38 L. Ed. (2d) 427.

The exception of the appellant is overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY and LITTLEJOHN, JJ., and E. HARRY AGNEW, Acting Associate Justice, concur.