21258

The STATE, Appellant, v. John William MARTIN, Respondent.
(268 S. E. (2d) 105)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes* and *State Atty. Lindy Pike Funkhouser,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for appellant.*

*Steve Wukela, Jr.,* Florence, *for respondent.*

July 2, 1980.

Lewis, Chief Justice:

After the trial and conviction of respondent for operating a motor vehicle while under the influence of intoxicants, the trial judge granted respondent's motion for a new trial upon the ground that he erred in admitting into evidence testimony concerning the results of a breathalyzer test conducted subsequent to a warrantless arrest. The State has appealed.

The basic issues in this appeal turn upon the legality of respondent's arrest. The material facts are not in dispute.

On May 12, 1978, a State Highway Patrolman, dispatched to the scene of a reported accident, found two damaged motor vehicles parked on the side of the road. Both vehicles had damage to the front and rear. Each vehicle showed paint flecks corresponding to the color of the other. The officer observed skid marks "a couple or so hundred feet" from the vehicles but noticed no debris in the road. There were no witnesses to the accident. However, a lady at the scene pointed out two individuals as the drivers. The officer then approached respondent, found him highly intoxicated and, upon his admission that he was driving one of the vehicles, placed him under arrest for operating a motor vehicle while under the influence of intoxicants.

After his arrest, respondent was transported to the Florence breathalyzer room, where he was offered a breathalyzer test and told that he had the right to take the test or to refuse it. Respondent was also told that, if he refused to take the test, there would *not* be a penalty of suspension of his driver's license. This statement of no penalty upon refusal to take the test was apparently based upon an opinion by the Attorney General that the implied consent provisions of Section 56-5-2950, Code of Laws of South Carolina (1976) do not apply if the officer did not see the individual driving.

Respondent was administered the breathalyzer test and registered a reading of .26%, which under Code Section 56-5-2950(b)(3), created a presumption that respondent was under the influence of intoxicating liquor. Testimony concerning the results of the breathalyzer test were, over objection, admitted into evidence.

Admission of the results of the breathalyzer test was, on motion for a new trial, determined to be error and formed the basis for granting a new trial. The order of the trial judge set forth the position of the parties at trial as follows:

An in camera hearing was held by he court at which the defendant argued that his warrantless arrest was in violation of Section 17-13-30 of the South Carolina Code of Laws, 1976, and therefore, evidence of the breathalyzer test and its results should be excluded as "fruits of the poisonous tree". The State opposed the defendant's motion [to suppress] arguing that an arrest illegal under State law is constitutionally valid when founded upon probable cause, and, given probable cause, the constitutional exclusionary rule has no application.

We think that the admission of evidence relating to the breathalyzer test was proper and that the trial judge, in subsequently concluding that he was in error, was influenced by the erroneous conclusion that the warrantless arrest in this case was illegal.

Apparently the conclusion, that the power of an officer to arrest for a misdemeanor without a warrant except when committed in his presence, is based upon the provisions of Code Section 17-13-30 and some of our decisions, such as *State v. Mims*, 263 S. C. 45, 208 S. E. (2d) 288, in which the following statement is made:

It is the law of this State that an officer cannot arrest one charged with a misdemeanor, not committed in his presence, without a proper warrant for such arrest being in the possession of the officer at the time of the arrest.

It is error, however, to interpret the foregoing principle so as to exclude the power of an officer to·arrest for a misremeanor, without a warrant, where the facts and circumstances within his observation give him probable cause to believe that the crime has been freshly committed.

Section 17-13-30 and our holding in *State v. Mims* must be interpreted and construed in connection with Code Section 23-13-60 and other of our decisions which recognize that the general rule stated in *Mims* is subject to certain qualifications. Section 23-13-60, in pertinent part, states:

The deputy sheriffs may for any suspected freshly committed crime, whether upon view or upon prompt information or complaint, arrest without warrant . . .

Section 23-5-40 grants to highway patrolmen (who are here involved) the same power and authority as the deputy sheriffs, which would include the power to arrest granted by the quoted provisions of Section 23-13-60.

Section 23-13-60 clearly grants the authority to the officer in this case to arrest without warrant "for any suspected freshly committed crime." The power of an officer to arrest, without a warrant, for a misdemeanor "upon fresh and immediate pursuit" was recognized in this State as early as 1881. *State v. Sims,* 16 S. C. 486.

More recently, we recognize in *State v. Mims, supra,* the following principle:

A crime is committed in the presence of an officer when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case.

We, therefore, conclude from the foregoing statutes and decisions that, while generally an officer cannot arrest, with-

out a warrant, for a misdemeanor not committed in his presence, an officer can arrest for a misdemeanor when the facts and circumstances *observed by the officer* give him probable cause to believe that a crime has been freshly committed.

The facts and circumstances justify the arrest in this case. When the officer arrived at the scene, he found two cars, each damaged on the front and rear and showing paint flecks corresponding to the color of the other. Appellant was highly intoxicated and admitted that he was the driver of one of the vehicles. A group of fifteen to twenty people had gathered at the scene. These facts were *observed* by the officer and the only reasonable conclusion to be drawn was that a collision between the two vehicles had just occurred and that the crime had been freshly committed.

The special circumstances also dictated that the arrest be immediately made. Appellant was highly intoxicated. While there had been contact between the two vehicles, they were presumably still operable. An intoxicated person who has just been in an accident and who still has the opportunity to operate his vehicle presents a clear and present danger to the community. In addition, the dissipating nature of the alcohol in his blood stream required prompt testing in order that his intoxication could be more scientifically determined.

We, therefore, conclude that appellant was lawfully arrested for the offense of driving a motor vehicle upon the highways of this State while under the influence of intoxicants. Since he was lawfully arrested for such offense, he, under the provisions of Code Section 56-9-2950(a), impliedly gave his consent to the breathalyzer.

Respondent was advised of every right afforded him by Section 56-5-2950(a) in connection with the administration of the test to determine the degree of

intoxication. He cooperated in taking the test and there is a total absence of any testimony to show that he was coerced in any way to do so.

We find that the breathalyzer test was performed in a proper and reasonable manner and, under the present facts, was "an appropriate incident to [appellant's] arrest." *Schmerber v. California*, 384 U. S. 757, 86 S. Ct. 1826, 16 L. Ed. (2d) 908.

It is argued, however, that the breathalyzer test was illegally administered because the officer, at whose direction the test was given, did not personally see respondent drive the motor vehicle while under the influence of intoxicants. The portion of Section 56-5-2950(a), relied upon in this connection, states:

Any person who operates a motor vehicle upon the public highways of this State shall be deemed to have given consent to a chemical test of his breath for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of intoxicating liquor. The test shall be administered at the direction of a law-enforcement officer who has apprehended a person while driving a motor vehicle upon the public highways of this State while under the influence of intoxicating liquor.

Under the foregoing statute, a person, by implication, gives consent to a chemical test of his breath when arrested for an offense arising out of acts alleged to have been committed while the person was driving under the influence of intoxicating liquor. Respondent was arrested for driving under the influence and therefore impliedly gave his consent.

The mere fact that the test was not made at the direction of an officer who actually viewed the respondent's vehicle in motion does not render the test illegal. Consent to the test

arose by virtue of the arrest for driving under the influence and not from the provision that the test be made at the direction of the officer who apprehended the person charged. It is evident that at least one purpose of the statute, requiring that the test be made at the direction of the apprehending officer, is to make certain that the person to be tested was apprehended under circumstances giving rise to an implied consent to take the test. In this case, respondent was highly intoxicated at the time and admitted he was the driver of one of the vehicles. Under these circumstances, no prejudice resulted to respondent from the failure of the officer to actually view respondent's arrival at the scene.

The trial judge was, therefore, in error in concluding that evidence concerning the breathalyzer test was inadmissible. The order under appeal is accordingly reversed and the judgment of conviction is affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.