21538

The STATE, Respondent, v. Daniel Alan RETFORD, Appellant.
(281 S. E. (2d) 471)

658

Chief Attorney *John L. Sweeny,* of *S. C. Commission of Appellate Defense,* Columbia, and *Deputy Public Defender Stephen J. Henry,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen Kay G. Crowe* and *Nan L. Black,* Columbia, and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

August 4, 1981.

LEWIS, Chief Justice:

Appellant was convicted of possession of marijuana and illegal possession of a pistol, receiving a sentence of thirty (30) days for possession of marijuana and a sentence of one (1) year or a fine of $200.00 for possession of the pistol. The marijuana and pistol were obtained from the person of appellant after a warrantless arrest, and the sole issue in the trial court, and here, is whether appellant's warrantless arrest was legal. It is conceded that, if the arrest was legal, then the subsequent seizure of the pistol and marijuana from the person of the appellant was valid and the trial judge properly overruled appellant's objection to their admissibility into evidence. The material facts are not in dispute.

A witness for the State testified that, on the night of February 20, 1980, he observed appellant get into a neighbor's automobile, leave it and get into another vehicle located nearby, and then go to a house where he tried to enter but the door was locked. While the witness was watching appellant, a passing town police officer was stopped and informed of appellant's activities. In three or four minutes

thereafter another town policeman appeared and entered into the investigation. Present at the time were the two town policemen, appellant, and the witness who had observed appellant entering the automobiles and attempting to enter the house.

The witness pointed out appellant to the officers as the one seen entering the automobiles. Appellant denied the charge and an argument ensued between appellant and the witness, reaching such proportions that an officer stated appellant could have been properly arrested for disorderly conduct.

Shortly after the officers arrived at the scene, appellant was placed under arrest. One of the officers was in the neighborhood in response to a report of a car theft ten or fifteen minutes earlier. The stolen car had been abandoned near where appellant was arrested, and appellant corresponded to a description one of the officers had been given of the person who allegedly stole the vehicle.

The officers, aware of the very recent auto theft in the neighborhood, the observation by the officer that appellant fit the description of the person who allegedly stole the vehicle, the positive identification of appellant by the witness as the one who had been seen entering automobiles in the area, and the disorderly behavior of appellant at the scene, arrested appellant, informing him that he was being arrested for tampering with an automobile, a misdemeanor under Section 16-21-90 of the South Carolina Code, 1976. As a result of a search of his person at the time of arrest, a 32 caliber pistol and ammunition was seized. A subsequent search at the police station revealed the possession of marijuana.

The legality of the warrantless arrest turns upon (1) whether the officers either had probable grounds upon which to arrest appellant for having committed a felony or (2) appellant committed a misdemeanor

in their presence; for it is settled that peace officers, including town police, could lawfully arrest without a warrant persons (1) reasonably suspected of having committed a felony or (2) when the facts and circumstances observed by them give them probable cause to believe that a crime has been freshly committed. *Prosser v. Parsons,* 245 S. C. 493, 141 S. E. (2d) 342; *State v. Martin,* 275 S. C. 141, 268 S. E. (2d) 105.

The fact that appellant, after his arrest, was charged with a misdemeanor that *may* not have been committed within the observation of the officers is not conclusive, under the present facts, of the right of the officers to arrest without a warrant. We recognized, in *Prosser,* the principle stated in 5 Am. Jur. (2d), Arrest, Section 22, that the legality of the arrest is to be determined under the facts and circumstances which existed at the time and place of arrest and not upon the results of the subsequent trial.

At the time of the arrest, the officers knew that a felony (auto theft) had been committed. Appellant fit the description of the person given to the officers as the one who allegedly committed the felony. This, together with all of the other facts and circumstances, constituted sufficient basis for a reasonable belief that appellant committed the larceny of the automobile so as to permit his arrest without a warrant.

The fact that the officers told appellant that he was being arrested for tampering with an automobile (a misdemeanor) is not conclusive of the lawfulness of the warrantless arrest. "An arrest is not rendered unlawful by the fact that an officer who has authority to make an arrest for a particular offense erroneously states that he is making an arrest for some other offense or even for a cause which is not in fact an offense, or states the offense inaccurately." 6A C. J. S., Arrest, Section 48 at page 111.

The officers clearly had probable cause to arrest appellant for auto theft. The fact that they stated the arrest was made for another offense did not render the arrest unlawful.

The arrest of appellant was lawful and the fruits of the search incident to the arrest were properly admitted into evidence.

Judgment affirmed.

LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

I respectfully dissent, concluding the majority erred in upholding the warrantless arrest, and search incident to arrest, of appellant Daniel Alan Retford.

In *State v. Martin,* 275 S. C. 141, 268 S. E. (2d) 105, 107 (1980), we held "an officer can arrest for a misdemeanor (not committed in his presence) when the facts and circumstances *observed by the officer* give him probable cause to believe that a crime has been freshly committed."

Here, the officers did not personally observe anything. They relied on what a witness told them, in making the warrantless arrest of appellant for auto tampering, a misdemeanor. The arresting officers testified they saw no crime committed, until the pistol was discovered during the patdown after the warrantless arrest, and they did not have enough information to arrest the appellant for auto theft. Officer Morris testified as follows:

"Q. Now, when you first saw Mr. Retford, tell the Court, if you can, what crime he was doing at that time?
"A. When I first saw him?

"Q. That's right.
"A. I saw Mr. Retford commit no crime.

"Q. All right. Did you later see him commit any crime?
"A. No, sir." (Tr. p. 32, ff. 11-17.)

"Q. Did you make an arrest of Mr. Retford for the auto theft, Officer?

"A. No, sir.

"Q. Have you since?

"A. No, sir.

"Q. So you didn't have enough information to arrest him on that charge?

"A. No, sir." (Tr. p. 35, ff. 17-24.)

The appellant was taken to the police station, searched further, and a small quantity of marijuana seized from his person.

I agree with the appellant's contention that the arrest and search of his person were not justified, and that as a consequence the pistol and marijuana found upon his person were improperly introduced into evidence. Although the informant's information certainly pointed the finger of suspicion, the appellant did not commit an unlawful act personally observed by the arresting officers which can support a lawful arrest. An officer may arrest for a misdemeanor without an arrest warrant when a pubic offense is committed in his presence.[1] *State v. Mims* 263 S. C. 45, 48, 208 S. E. (2d) 288 (1974).

Before information from an informant will serve as the foundation for probable cause, it is necessary to establish the basis for the officer's belief that the information is reliable. If that reliability is established, then the arrest will be upheld as valid. Here, it was not so established. *McCray v. Illinois,* 386 U. S. 300, 87 S. Ct. 1056 (1967); *Draper v. U. S.,* 358 U. S. 307, 79 S. Ct. 329 (1959).

Moreover, where the information which connected a defendant to an unlawful act originated from the lips of a total

[1] Deputy Sheriffs and highway patrolmen can arrest under § 23-13-60 and 23-5-40, 1976 Code of Laws, for "freshly committed crime, whether upon view or upon prompt information . . ." *State v. Martin,* 268 S. E. (2d) at 107; or any officer may arrest to prevent a probable felony. *State v. Sims,* 16 S. C. 486, 494 (1881).

stranger, and the arresting officers failed to verify the credibility of the information, or the reliability of its source, the arrest was invalid. Uncorroborated accusations by an informant whose identity and reliability remains untested cannot establish probable cause for a warrantless arrest. See: *Holbrook v. U. S.,* 406 F. (2d) 44 (10th Cir. 1969).

Here, the arresting officers did not verify the credibility of the witness/informant nor the reliability of his information, therefore, this unverified information cannot constitute probable cause to validate the warrantless arrest. Unless there is probable cause to make the arrest, it is unlawful, and any search incident thereto is unreasonable. Mere suspicion cannot be deemed probable cause. *Beck v. Ohio,* 379 U. S. 89, 85 S. Ct. 223 (1964).

The facts and circumstances, if any, observed by the arresting officers were insufficient to give them probable cause to make the warrantless arrest of appellant. The arrest was unlawful, the search incident to the arrest was unreasonable, and the pistol and marijuana which were seized should have been suppressed. *U. S. v. Crews,* 445 U. S. 463, 100 S. Ct. 1244, 63 L. Ed. (2d) 537 (1980).

I would reverse the convictions.

Reversed.