22174
The STATE, Respondent, v. Vincent SAWYER, Appellant.
(322 S. E. (2d) 449)

Supreme Court

*Atty. Gen. T. Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.*, Columbia, *for appellant.*

*Robert L. Kilgo*, Darlington, *for respondent.*

Oct. 29, 1984.

NESS, Justice:

Respondent Sawyer was convicted in Magistrate's Court of driving under the influence. The Circuit Court reversed the conviction and ordered a new trial holding the results of the breathalyzer test were improperly admitted into evidence. We reverse the Circuit Court and affirm the original conviction.

Sawyer was admittedly in a bar until 4:30 a.m., then went to sleep in his automobile in the parking lot. At 7:00 a.m. he started home. After driving several miles his automobile overturned in a private yard.

A patrolman arrived at the scene fifteen minutes after the accident finding Sawyer trapped in his car. The patrolman testified Sawyer's eyes were bloodshot and his speech slurred. Sawyer admitted he was the driver of the car. He was arrested and given a breathalyzer test.

The sole issue is whether the results of the breathalyzer test were inadmissible because the State failed to comply with S. C. Code Ann. § 56-5-2950 which requires the test be administered, "at the direction of a law enforcement officer who has apprehended a person *while driving* ... under the influence. . . ." (Emphasis added.)

We have addressed this issue in *State v. Martin*, 275 S. C. 141, 268 S. E. (2d) 105 (1980). There a patrolman dispatched to the scene of an accident found two cars which had collided and an intoxicated respondent who admitted driving one of the cars. He was arrested and given a breathalyzer test.

Martin argued the breathalyzer test was inadmissible because the officer who directed the test did not personally see him driving while under the influence.

We rejected this argument holding the test results were admissible where respondent was intoxicated and admitted he was the driver because "no prejudice resulted to respondent from the failure of the officer to actually view respondent's arrival at the scene." 275 S. C. at 148, 268 S. E. (2d) 105.

As in *Martin*, respondent was not seen operating his vehicle by the arresting officer but he admitted to the officer he had been driving. We hold the driver's admission should be treated as part of the officer's sensory awareness of the commission of the offense which satisfies the *presence* requirement argued by respondent. Having complied with the statute, the results of Sawyer's breathalyzer test were admissible.

Reversed.

LITTLEJOHN, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.