THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Linda Wolfe Gwinn,       
Appellant.
 
 
 

Appeal From Greenville County
Joseph J. Watson, Circuit Court Judge

Unpublished Opinion 2003-UP-687
Submitted September 17, 2003  Submitted 
 November 24, 2003

AFFIRMED

 
 
 
Michael W. Barcroft, of Greenville, for Appellant. 
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, 
 and Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Linda Wolfe Gwinn appeals her 
 conviction and sentence for possession of crack cocaine, arguing the evidence 
 was seized as the result of an unlawful traffic stop.  We affirm. 
 [1] 
FACTS AND PROCEDURAL HISTORY
Greenville County Sheriffs Deputy Tad 
 Clardy was patrolling a high-drug area when he witnessed two cars commit traffic 
 violations when turning onto Worley Road.  Gwinn made a wide right-hand turn 
 crossing the double yellow line of Worley Road.  Rather than stop Gwinn immediately, 
 the officer chose to pursue the other vehicle because its driver committed a 
 more serious violation.  That vehicle took off at a high rate of speed after 
 turning onto Worley Road and crossed the double yellow line near a dangerous 
 curve.  When he lost visual contact with the other vehicle, Clardy immediately 
 turned his attention to Gwinns vehicle.  Clardy testified several minutes passed 
 between the time he first saw Gwinn cross the double yellow line and when he 
 stopped her.  
When Clardy stopped Gwinn, he intended 
 to write her a ticket for crossing the double yellow line.  During the stop, 
 Clardy noticed Gwinn was nervous, jerky, and fidgety.  Because of her behavior, 
 Clardy became concerned about his own safety and asked Gwinn if she had any 
 weapons.  Gwinn produced a pair of scissors and continued to act strangely, 
 repeatedly reaching inside the car despite Clardys instructions to the contrary.  
 Clardy instructed Gwinn to step out of the car and then to the rear of the car 
 when she continued to reach inside the vehicle.  Another officer who had arrived 
 on the scene observed Gwinn drop a white rocklike substance in her floorboard.  
 The substance was .09 grams of crack cocaine.  After her arrest, Gwinn dropped 
 a piece of foil containing crack cocaine residue onto the seat of the patrol 
 car.  
LAW/ANALYSIS
Gwinn argues the drugs should have been suppressed 
 as the fruit of an unlawful traffic stop.  She contends the stop was arbitrary 
 and unreasonable.  Specifically, she asserts the officer lacked authority to 
 make the stop because he did not do so immediately after the violation as required 
 by S.C. Code Ann. § 17-13-30 (2003).
Section 17-13-30 permits any sheriff or deputy 
 sheriff to make a warrantless arrest of anyone who violates a criminal law of 
 this state in the officers view if the arrest is made at the time of 
 the violation or immediately thereafter.  

It is a general rule that once an officer has the right 
 to arrest without a warrant for a misdemeanor or breach of the peace committed 
 in his presence he must do so as soon as he reasonably can, and if he delays 
 for purposes disassociated with the arrest or for such a length of time as to 
 necessarily indicate the interposition of other purposes, he cannot arrest without 
 a warrant.

H.D. Warren, Annotation, Peace Officers Delay 
 in Making Arrest Without a Warrant for Misdemeanor or Breach of Peace, 58 
 A.L.R.2d 1056, 1056-57 (1958).
Additionally, an officer may make a warrantless 
 arrest for a violation occurring outside the officers presence where the facts 
 and circumstances observed by the officer give him reason to believe a crime 
 was freshly committed.  See State v. Martin, 275 S.C. 141, 145-46, 
 268 S.E.2d 105, 107 (1980).  Clardys brief delay before stopping Gwinn was 
 proper under the circumstances because he was pursuing another person who committed 
 a more serious violation at virtually the same location and at almost the exact 
 time of Gwinns violation.  He delayed his stop of Gwinn only for public safety 
 purposes and stopped Gwinn within a reasonable amount of time after he saw her 
 violate the law.
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.