**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

City of Rock Hill, Appellant,

v.

James Delaney Allen, III, Respondent.

Appellate Case No. 2014-002286

———————————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-422
Submitted September 1, 2016 – Filed October 5, 2016

———————————

**REVERSED**

———————————

City Solicitors Paula Knox Brown and Christopher
Edward Barton, both of Rock Hill, for Appellant.

James Delaney Allen, III, of Rock Hill, pro se.

———————————

**PER CURIAM:** The City of Rock Hill (the City) appeals the circuit court's reversal of James Allen's conviction for driving under the influence (DUI), first offense, arguing the circuit court erroneously determined Allen's arrest was illegal because the arresting officer (1) did not personally observe any of the acts establishing probable cause to stop Allen, and (2) charged Allen using a uniform

traffic ticket instead of an arrest warrant. We reverse pursuant to Rule 220(b), SCACR.[1]

As to Issue 1, Allen's arrest was legal because a municipal police officer has the authority to arrest a person without a warrant for any suspected freshly committed crime, regardless of whether the crime was committed in the officer's presence. *See* S.C. Code Ann. § 5-7-110 (2004) ("Police officers shall be vested with all the powers and duties conferred by law upon constables . . . ."); *Richardson v. Town of Mount Pleasant*, 350 S.C. 291, 297, 566 S.E.2d 523, 527 (2002) (recognizing the legislature has expressly delegated "the powers of state constables . . . to municipal police officers"); S.C. Code Ann. § 23-7-50 (2007) ("A special state constable possesses all of the rights and powers prescribed by law for . . . deputy sheriffs . . . ."); S.C. Code Ann. § 23-13-60 (2007) ("The deputy sheriffs may for any suspected freshly committed crime, whether upon view or upon prompt information or complaint, arrest without warrant . . . ."). Additionally, Allen's offense was, in legal effect, committed in the arresting officer's presence because it was committed within the view of other officers and Allen admitted to consuming alcohol prior to driving on the night of his arrest. *See Prosser v. Parsons*, 245 S.C. 493, 500-01, 141 S.E.2d 342, 346 (1965) (holding "an act taking place within the view of one officer [i]s in legal effect within the view of . . . other cooperating officers and, if the combination of acts committed within the view of the cooperating officers furnished probable cause for believing that the offense . . . was being committed in their presence, then the arrest was lawful"); *State v. Sawyer*, 283 S.C. 127, 129, 322 S.E.2d 449, 449 (1984) ("[A] driver's admission should be treated as part of the officer's sensory awareness of the commission of the offense which satisfies the *presence* requirement . . . .").

As to Issue 2, the arresting officer properly charged Allen with DUI using a uniform traffic ticket. *See* S.C. Code Ann. § 56-7-10(A) (Supp. 2015) ("There will be a uniform traffic ticket used by all law enforcement officers in arrests for traffic offenses . . . ."); *City of Camden v. Brassell*, 326 S.C. 556, 566, 486 S.E.2d 492, 497 (Ct. App. 1997) ("[D]riving under the influence, first offense, under [section] 56-5-2930 [of the South Carolina Code (Supp. 2015)] is a 'traffic violation' . . . ."); *City of Goose Creek v. Brady*, 288 S.C. 20, 21, 339 S.E.2d 509, 510 (1986) ("Since this [DUI] action was commenced by the issuance of a [uniform traffic ticket], an arrest warrant was not required . . . .").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**REVERSED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**