**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Charles Todd Burns, Respondent.

Appellate Case No. 2015-001409

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2018-UP-013
Heard November 16, 2017 – Filed January 10, 2018

**REVERSED AND REMANDED**

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia, and Solicitor Kevin Scott Brackett, of York for Appellant.

John Martin Foster, of Rock Hill, for Respondent.

**PER CURIAM:** The State appeals from a circuit court order affirming the magistrate court's dismissal of Charles Todd Burns' driving under the influence (DUI) charge. We reverse and remand pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the State's contention the circuit court erred in affirming the magistrate's dismissal of Burns' DUI charge because his warrantless arrest was supported by South Carolina statutory and case law: S.C. Code Ann. § 23-13-60 (2007) ("The deputy sheriffs may for any suspected freshly committed crime, whether upon view or upon prompt information or complaint, arrest without warrant . . . ."); S.C. Code Ann. § 56-7-15(A) (2018) ("The uniform traffic ticket, established pursuant to the provisions of Section 56-7-10, may be used by law enforcement officers to arrest a person for an offense that has been freshly committed or is committed in the presence of a law enforcement officer if the punishment is within the jurisdiction of magistrates court and municipal court."); *State v. Martin*, 275 S.C. 141, 144-45, 268 S.E.2d 105, 107 (1980) (determining section 17-13-30 of the South Carolina Code and case law providing that an officer cannot make a warrantless arrest of one for a misdemeanor which is not committed in the officer's presence "must be interpreted and construed in connection with Code Section 23-13-60 and other . . . decisions which recognize that the general rule [prohibiting such warrantless arrests] is subject to certain qualifications); *id.* at 145-46, 268 S.E.2d at 107 ("[W]hile generally an officer cannot arrest, without a warrant, for a misdemeanor not committed in his presence, an officer can arrest for a misdemeanor when the facts and circumstances observed by the officer give him probable cause to believe that a crime has been freshly committed."); *Lapp v. S.C. Dep't of Motor Vehicles*, 387 S.C. 500, 505, 692 S.E.2d 565, 568 (Ct. App. 2010) ("In ascertaining the presence of probable cause, 'all the evidence within the arresting officer's knowledge may be considered . . . .'" (quoting *State v. Roper*, 274 S.C. 14, 17, 260 S.E.2d 705, 706 (1979))); *Prosser v. Parsons*, 245 S.C. 493, 500-01, 141 S.E.2d 342, 346 (1965) ("[A]n act taking place within the view of one officer [is] in legal effect within the view of [] other cooperating officers and, if the combination of acts committed within the view of the cooperating officers furnishe[s] probable cause for believing that the [misdemeanor] offense . . . was being committed in their presence, then the arrest [is] lawful.").

2. As to Burns' argument that dismissal of the DUI charge was proper based on a violation of the mandatory video recording requirements of section 56-5-2953 of the South Carolina Code: *I'on, LLC v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("The appellate court may review respondent's additional reasons and, *if convinced it is proper and fair to do so*, rely on them or any other reason appearing in the record to affirm the lower court's judgment."(emphasis added)); *id.* ("It is within the appellate court's discretion whether to address any additional sustaining grounds."); *id.* at 420 n.9, 526 S.E.2d

at 723 n.9 ("The appellate court may or may not wish to address [a respondent's additional sustaining] grounds when it reverses the lower court's decision.").

**REVERSED AND REMANDED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**