21637

The STATE, Respondent, v. Johnny Ray CLARK, Appellant.
(287 S. E. (2d) 143)

*Don S. Rushing, of Thomas, Rushing, Goldsmith & Folks,* Lancaster, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Lindy P. Funkhouser,* Columbia, *and Sol. John R. Justice,* Chester, *for respondent.*

February 8, 1982.

LEWIS, Chief Justice:

Appellant appeals from his conviction for resisting arrest. His main ground of appeal is that his arrest without a warrant was illegal therefore his conviction for resisting arrest was improper. See: *State v. Poinsett,* 250 S. C. 293, 297, 157 S. E. (2d) 570.

Lancaster City police officers were summoned to the home of appellants mother on Friday afternoon. Arriving at the home, they found the appellant seated on the front porch, a shotgun lay across his lap, at least one expended shell was on the ground in front of him, and a crowd had gathered. Although some dispute arises as to the events which followed, it is inferable from the record that appellant appeared to be intoxicated, that the mother complained of his behavior including the discharge of the gun into the air by appellant before the officers arrived, and threats made against the mother's boyfriend (who was apparently inside the house), and that the mother requested the officers to remove appellant from her house.

Upon the foregoing facts and circumstances the officers decided to arrest the appellant for discharging a firearm within the city limits. It is undisputed that appellant agreed to go with the officers, but refused to surrender the shotgun and a struggle ensued giving rise to the charge of resisting arrest, in addition to the charges of firing a weapon within the city limits and disorderly conduct.

We held in *State v. Martin,* 275 S. C. 141, 268 S. E. (2d) 105, that a highway patrolman (and subsequently in *State v. Retford,* S. C., 281 S. E. (2d) 471, that a town policeman) had the right to make a warrantless arrest for a misdemeanor not committed in his presence, if the facts and circumstances observed by the officer provided probable cause to believe a crime had been freshly committed.

The facts of this case presented the officers with an emergency and probable cause for the arrest. They arrived at the scene within minutes after they received the call; they found appellant intoxicated and armed, with an expended shell on the ground nearby; a crowd had gathered; and appellant's mother told them Johnny (appellant) had a gun, was making threats, and was acting "funny . . . like he was going nutty or something," and had fired the gun into the air shortly before the officers arrived.

The observable facts and circumstances gave the officers reasonable grounds to believe that appellant had just fired weapon within the city limits and that their speedy arrival had barely forestalled a recurrence or, probably, injury to some person. The common law has long recognized the authority of "peace officers" to preserve order in such circumstances: "Without such power on the part of policemen under such circumstances, municipal authority for the preservation of peace and good order would be worthless, and our towns and cities would be frequently subjected to uncontrolled violence and disorder." *State v. Sims,* 16 S. C. 486, 494; *State v. Bowen,* 17 S. C. 58, 62.

The arrest in this case was legal under our holding in *State v. Martin, supra,* rendering appellant's resistance unlawful, as found by the lower court. See: Section 23-13-60, S. C. Code of Laws, 1976.

The remaining exceptions are without merit and are dismissed under Rule 23 of the Rules of this Court.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.