## 1566

Ex parte William L. HORNE, Jr. In re SOUTH CAROLINA DEPART-
MENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Re-
spondent v. William L. HORNE, Jr., Driver's License No. 1410442, Ap-
pellant.

(397 S.E. (2d) 788)

Court of Appeals

*Michael L. Brown, Jr.,* of *Fewell, Brown & Godbold,* Rock Hill, *for appellant.*

*Abigail R. Rogers,* of *S.C. Dept. of Highways and Public Transp.,* Columbia, *for respondent.*

Heard Oct. 17, 1990.

Decided Oct. 29, 1990.

GOOLSBY, Judge:

William L. Horne appeals from a circuit court order affirming the decision of the South Carolina Department of Highways and Public Transportation to suspend for 90 days Horne's driver's license because of his refusal to submit to a breath test following his arrest for driving under the influ-

ence of alcohol. The issue raised by Horne is whether under the implied consent law the Department can suspend the driver's license of a person accused of driving under the influence who refused to submit to a breath test where the requirements for admission of test results were not observed. We affirm.

An officer arrested Horne at 2:15 a.m. on January 1, 1988 and charged him with driving under the influence. The officer and Horne remained at the scene of the arrest approximately 15 or 20 minutes before the officer drove Horne to the police station located about a mile away. Shortly after Horne's arrival, another officer spent about five minutes videotaping Horne. At 2:50 a.m., Horne refused a breath test operator's request that he take a breath test.

Following the Department's notification to Horne that his license to drive was being suspended for 90 days because of his refusal to submit to a breath test, a hearing was conducted on March 31, 1988, pursuant to Section 56-5-2950(e) of the Code of Laws of South Carolina 1976 Annotated (Supp. 1989), to determine whether the Department's action should be either rescinded or sustained. The hearing officer sustained the Department's suspension of Horne's driver's license, finding that Horne had been arrested for driving under the influence, that Horne had been advised he could refuse a request to submit to a breath test but that a refusal could result in the suspension of his driver's license, and that Horne refused to submit to the test. Horne appealed to the circuit court. The latter affirmed the hearing officer's decision.

The Department is required by the implied consent law to suspend for 90 days the driver's license of a person arrested for driving under the influence who refuses the request of a law enforcement officer to submit to a breath test. S.C. CODE ANN. § 56-5-2950(d) (1976 & Supp. 1989). The implied consent law, however, requires the person administering a breath test at the direction of the arresting officer, among other things, to use "methods approved by [the State Law Enforcement Division (SLED)]." *Id.* § 56-5-2950(a). Our Supreme Court in *State v. Parker*, 271 S.C. 159, 245 S.E. (2d) 904 (1978), prescribed the foundation for introduction of breath test results. One showing that must be made is that the accused was not allowed "prior to the *test*" to put any-

thing in his mouth for 20 minutes, the observation period adopted by SLED pursuant to its authority under the implied consent law. *Id.* at 163 n. 3, 245 S.E. (2d) at 906 n. 3. [Emphasis ours.]

As he did before the hearing officer and the circuit court, Horne contends the breath test operator did not make a lawful offer of a breath test because the operator did not follow the guidelines prescribed by SLED for the administration of the test. In particular, Horne argues the evidence shows the operator did not observe him for 20 minutes before requesting that he submit to the test.

Horne's contention has no merit for the simple reason that he was not given a breath test. The validity of Horne's suspension for refusing to submit to a test does not depend at all upon whether the foundation for the introduction of the results of a breath test was properly laid. The question of the validity of test methods employed by a breath test operator does not arise until a test is given and its results are offered as evidence. *Halloway v. Martin,* 143 Ariz. 311, 693 P. (2d) 966 (Ct. App. 1984); *see In re Rogers,* 94 N.C. App. 505, 380 S.E. (2d) 599 (1989) (the failure of a breathalyzer operator to perform a simulator test in the presence of a witness requested by the driver did not preclude revocation of license for refusal to take the test).

We therefore hold the Department can suspend the driver's license of a person arrested for driving under the influence where the person refused a request to submit to a breath test notwithstanding the absence of proof that the person who made the request observed the accused for 20 minutes prior to making the request.

Affirmed.

SANDERS, C.J., and GARDNER, J., concur.