23445

STATE of South Carolina, Appellant v. Paul Ernest JANSEN, Respondent.

(408 S.E. (2d) 235)

Supreme Court

*Ester F. Haymond, Lexington County Sheriff's Dept.,* Lexington, *for appellant.*

*Richard J. Breibart,* Lexington, *for respondent.*

Heard June 10, 1991.

Decided Aug. 5, 1991.

TOAL, Justice:

This appeal involves the suppression of evidence in a DUI trial. At a pretrial hearing, the magistrate held that due to the police officers' failure to take all the precautions necessary to insure a valid breathalyzer test, the defendant's refusal to submit to that test was not admissible at trial. The circuit court judge affirmed the suppression, and the State appeals. We reverse.

## FACTS

The defendant was arrested on December 22, 1989 at 1:00 a.m. and charged with driving under the influence. The defendant was transported to the Lexington County Detention Center to be given a breathalyzer test. The defendant refused to take the test, and the test was marked as refused at 1:19 a.m.

The defendant requested a trial by jury and made a motion to suppress any reference to his refusal to submit to the breathalyzer test. A pretrial hearing was held on April 20, 1990, and a rehearing was conducted by the magistrate on May 21, 1990. The magistrate found that there was no evidence that: (1) the breathalyzer machine was in proper working order; (2) any simulated test had been run to test the machine's accuracy; or (3) that the officers had waited the statutorily required twenty (20) minute waiting period. The magistrate held that the defendant "had not received the statutory safeguards which would insure him that the machine was in proper working order and that he did not have a period of time sufficient so as to permit him to make an intelligent decision regarding the taking of the test."

The circuit court affirmed the magistrate's decision, and held that, because those precautions to insure an accurate test had not been met, a valid test was not actually even offered. The State appeals, arguing that the procedural safeguards relate solely to insuring the accuracy of the breathalyzer test if given and do not affect the admissibility of a defendant's refusal to be tested.

## LAW/ANALYSIS

The South Carolina Code § 56-5-2950 provides that "any person who operates a motor vehicle in this State is considered to have given consent to chemical tests of his breath, blood, or urine," if arrested for operating a motor vehicle under the influence of alcohol. Further, this Court has held that a defendant's constitutional rights are not violated by the admission of testimony of the defendant's failure to submit to a chemical test designed to measure the alcoholic content of his blood. *State v. Smith,* 230 S.C. 164, 173, 94 S.E. (2d) 886, 890 (1956) [upheld in *State v. Miller,* 257 S.C. 213, 185 S.E. (2d) 359 (1971)].

Hence, it is well established in this State that one who is arrested for DUI impliedly consents to a breathalyzer test, and that the revocation of that consent is constitutionally admissible as prosecutorial evidence at the trial pursuant to that arrest.

Here the defendant seeks to have that evidence suppressed on the ground that the precautions enumerated in *State v. Parker*, 271 S.C. 159, 245 S.E. (2d) 904 (1978) were not complied with before the test was offered. *Parker* established that prior to admitting evidence of the results of a breathalyzer test, the state must lay a foundation for such evidence by proving:

    (1) that the machine was in proper working order at the time of the test;

    (2) that the correct chemicals had been used;

    (3) that the accused was not allowed to put anything in his mouth for twenty minutes prior to the test; and

    (4) that the test was administered by a qualified person in the proper manner.

However, we now hold that the precautions in *Parker* do not apply to the offer and refusal of a breathalyzer test. Rather, the *Parker* precautions are intended to insure that the results of the breathalyzer test if given are accurate and reliable as evidence at trial.

In considering the purpose and applicability of precautions required in *Parker*, we find persuasive the reasoning of a recent decision of the Court of Appeals in a case similar to the case at bar, *Ex parte: Horne in re: SCDHPT v. Horne*, — S.C. —, 397 S.E. (2d) 788 (S.C. App. 1990). In that case, a defendant's refusal to submit to a breathalyzer test following his arrest for DUI resulted in the revocation of his driver's license for 90 days, pursuant to the Implied Consent Statute, S.C. Code § 56-5-2950. The defense argued that the *Parker* precautions had not been complied with because the breathalyzer operator did not observe the defendant for a full twenty (20) minutes to be sure he did not place anything in his mouth before requesting that he submit to the test. The Court of Appeals held that, "the question of validity of test methods employed by a breath test operator does not arise until a test is given and its results are offered as evidence." *Id.* at —, 397 S.E. (2d) at 789.

In the case at bar, there is also no "question of validity of test methods employed," because no test was given, and there were no results offered as evidence by the State. The only evidence offered was the defendant's refusal to submit to the test, not the results of such a test. The *Parker* precautions do not apply in this situation as there were no test results which required protection from improper testing procedures. Therefore, the evidence of defendant's refusal to submit to the breathalyzer test should not have been suppressed. For these reasons, we REVERSE and REMAND the case for trial consistent with this opinion.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.