**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellant,</u>

v.                                          No. 96-4264

VIVIAN PERRY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-95-996)

Submitted: March 31, 1997

Decided: April 25, 1997

Before WIDENER and ERVIN, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Reversed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Rene Josey, United States Attorney, Eric Wm. Ruschky, Assistant
United States Attorney, Columbia, South Carolina, for Appellant.
Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The United States appeals from the district court's order reversing Vivian Perry's conviction for driving under the influence (S.C. Code Ann. § 56-5-2930 (Law. Co-op. 1991), assimilated by 18 U.S.C.A. § 13 (West Supp. 1997)) at Fort Jackson, South Carolina--n exclusive federal jurisdiction. Because we find that the district court incorrectly determined that the evidence was insufficient to support the magistrate judge's judgment of conviction, we reverse the district court's order and reinstate Perry's conviction for driving under the influence.

The district court's review of a conviction entered by a magistrate judge is not a trial de novo; rather the district court's review is the same as the review by a court of appeals of a decision by a district court. Fed. R. Crim. P. 58(g)(2)(D); see United States v. Peck, 545 F.2d 962, 964 (5th Cir. 1977). This court's review is governed by the same standard as is the district court's review. See United States v. Hughes, 542 F.2d 246 (5th Cir. 1976).

In reviewing sufficiency of the evidence, the court is required to construe all the evidence and reasonable inferences therefrom in the light most favorable to the government. See United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also United States v. Colclough, 549 F.2d 937, 942 (4th Cir. 1977) (circumstantial evidence may support conviction). The reviewing court is not to reweigh the evidence or reconsider the credibility of witnesses. See Glasser v. United States, 315 U.S. 60, 80 (1942).

The evidence before the magistrate judge, construed in the light most favorable to the government, was as follows: After Perry was stopped by a Military Police officer for speeding, she retrieved her

driver's license from her purse in the trunk. She had difficulty getting
the key into the trunk's keyhole, leaned on the car for support, and
smelled of alcohol. When asked, she admitted to having a beer earlier.
Further, Perry failed all three of the field sobriety tests conducted.*
She became confused and belligerent and, after being escorted to the
Military Police station, she refused to submit to the breath test.

Perry testified that she had two mixed drinks that evening and that someone spilled a drink on her. The friend who was with Perry that evening called her son to pick her up, rather than accepting a ride home from Perry. We conclude that this evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Perry
was guilty of driving under the influence.

Reversing the conviction, the district court improperly reevaluated the evidence, observing that a drink spilled on Perry would explain the smell of alcohol, the field sobriety tests are subjective, and the sit-
uation and late hour could explain Perry's nervousness, confusion, and fumbling with the keyhole. The district court also concluded that
the magistrate judge placed too much weight on Perry's refusal to take the breath test.

However, under South Carolina law, the fact that a defendant refused to take the breath test is admissible. State v. Jansen, 408 S.E.2d 235, 236-37 (S.C. 1991); State v. Smith , 94 S.E.2d 886, 889 (S.C. 1956). The weight of this evidence was for the magistrate judge,
as the factfinder, to determine.

Because the district court reversed Perry's conviction after improp-
erly determining credibility of witnesses and reweighing the evidence,
we reverse the district court's order and reinstate Perry's conviction
and $200 fine entered by the magistrate judge. We dispense with oral
argument because the facts and legal contentions are adequately pres-

_____

*She touched either her lip or the bridge of her nose when instructed
to touch the tip of her nose; she could not balance on one foot for the
count of ten and only counted backwards from ten when asked to

count
forward and backward; and, when asked to walk heel to toe for seven steps, turn and walk back heel to toe, she did not touch heel to toe and continued eleven steps until instructed to turn.

3

ented in the materials before the court and argument would not aid
the
decisional process.

REVERSED

4