THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Raymond G. Gelinas,       
Appellant,
 
 
 

v.

 
 
 
Department of Public Safety,       
Respondent.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 20040UP-498
Submitted September 19, 2004  Filed 
 October 5, 2004

AFFIRMED

 
 
 
Daniel D. DAgostino, of York, for Appellant. 
Frank L. Valenta, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  The Department of Public Safety suspended Raymond G. Gelinas 
 drivers license after he refused to take an alcohol breath test.  The circuit 
 court affirmed the Departments administrative hearing officers decision sustaining 
 the suspension.  Gelinas appeals and we affirm. 
 [1]   
FACTS AND PROCEDURAL HISTORY
Officer Gilstrap arrested 
 Gelinas for DUI during a traffic stop after he smelled the odor of alcohol on 
 him and Gelinas failed a sobriety test.  At the law enforcement center, Officer 
 Gilstrap advised Gelinas of his implied consent rights and requested he take 
 the Datamaster test.  The officer began setting up the Datamaster when 
 Gelinas told the officer he was not going to take the test.  The test was never 
 administered. [2]  Because of Gelinas refusal and pursuant 
 to applicable law, Officer Gilstrap issued a Notice of Suspension suspending 
 Gelinas driving privileges.  
On appeal to the circuit court, 
 Gelinas argued the implied consent law permits only a qualified Datamaster operator 
 to offer an alcohol breath test.  He claimed that because Officer Gilstrap 
 was the arresting officer, he could not be qualified as the Datamaster operator 
 until after he videotaped Gelinas conduct pursuant to South Carolina Code Ann. 
 sections 56-5-2950(a) and 56-5-2953(A)(2)(d) (Supp. 2003).  All parties agreed 
 no videotaping occurred.  Gelinas therefore contended the officer could 
 not offer him a valid test to refuse, thus invalidating his suspension.  
The circuit court disagreed and 
 upheld Gelinas suspension finding the arresting officer, if certified, is 
 qualified to administer all pre-test processes and procedures including accepting 
 a refusal, right from the start.  Moreover, the court concluded the question 
 of whether Gelinas was offered a valid test was irrelevant because the precautionary 
 rules governing test procedures are inapplicable if the test is refused.  To 
 support its conclusion, the court relied on State v. Jansen, 305 S.C. 
 320, 408 S.E.2d 235 (1991), wherein our supreme court held the validity of test 
 methods will not be considered when no test is administered and no test results 
 are offered into evidence.  
STANDARD OF REVIEW
An appeal from a decision of 
 the department of public safety is governed by the Administrative Procedures 
 Act.  Byerly Hosp. v. South Carolina State Health & Human Servs. Fin. 
 Commn, 319 S.C. 225, 229, 460 S.E.2d 383, 385 (1995).  Therefore, when 
 reviewing a final decision of the department, the circuit court, sitting as 
 an appellate court, may not substitute its judgment for that of the department 
 as to the weight of the evidence on questions of fact.  S.C. Code Ann. § 1-23-380(A)(6) 
 (Supp. 2003).  The departments decision will be affirmed unless it is controlled 
 by an error of law or is without evidentiary support.  Mictronics, Inc. v. 
 South Carolina Dept of Revenue, 345 S.C. 506, 510, 548 S.E.2d 223, 225 
 (Ct. App. 2001).  
DISCUSSION
Gelinas contends the circuit 
 court erred in determining he was offered a valid test because the Datamaster 
 operator, who was also the arresting officer, did not observe or videotape him 
 during a twenty-minute pre-test waiting period before offering the test.  He 
 therefore claims his refusal was void for lack of a valid test offer requiring 
 the circuit court to reverse his suspension and reinstate his driving privileges.  
 We disagree.
South Carolina Code Ann. section 
 56-5-2950(a) (Supp. 2003) states [t]he arresting officer may administer 
 the tests if the [arrested] persons conduct during the twenty-minute pre-test 
 waiting period is videotaped pursuant to Section 56-2-2953(A)(2)(d).  (Emphasis 
 added.)  Section 56-2-2953(A)(2)(d) also states if the arresting officer 
 administers the breath test, the persons conduct during the twenty-minute 
 pre-test waiting period must be videotaped.  (Emphasis added.)  
The statutes require an arresting 
 officer to videotape a persons conduct if he administers the Datamaster test, 
 not offers it.  Therefore, Officer Gilstrap did not have to videotape Gelinas 
 or observe the twenty-minute waiting period prior to offering the test and accepting 
 the refusal.  Moreover, the purpose of the videotaping is to insure that the 
 results of the breathalyzer test if given are accurate and reliable as evidence 
 at trial.  State v. Jansen, 305 S.C. 320, 322, 408 S.E.2d 235, 237 (1991).  
 Because Gelinas suspension did not depend on the reliability of the test results, 
 he may not challenge Officer Gilstraps pre-test qualifications or methods.  
 See Jansen, 305 S.C. at 322-23, 408 S.E.2d at 237 (holding testing 
 precautions do not apply to the offer and refusal of a breathalyzer test and 
 a defendant may not question the validity of test methods when no test was 
 given, and there were no results offered as evidence by the State); see 
 also Ex parte Horne, 303 S.C. 30, 32, 397 S.E.2d 788, 789 (Ct. 
 App. 1990) (The question of the validity of test methods employed by a breath 
 test operator does not arise until a test is given and its results are offered 
 as evidence.).  
AFFIRMED.
 STILWELL, BEATTY, 
 and SHORT, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]        At the hearing before the circuit court, Gelinas counsel 
 stated Officer Gilstrap entered the time, date and everything else into 
 the Datamaster before Gelinas refused to take the test.  Counsel therefore 
 argued testing had already begun and was terminated on Gelinas refusal.  
 However, we find Officer Gilstrap was merely preparing the Datamaster for 
 an anticipated breath test that never occurred.