The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Traci Denise Scott, Appellant,
v.
South Carolina Department of Motor Vehicles, Respondent.
 
 
 

Appeal From Greenwood County
James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-428
Submitted December 1, 2006  Filed December 20, 2006

AFFIRMED

 
 
 
James Emerson Smith, Jr. and Jonathan McKey Milling, both of Columbia, for Appellant.  
Frank L. Valenta, Jr. and Kelli Gregg Maddox, both of Blythewood, for Respondent.
 
 
 

PER CURIAM:  Traci Denise Scott appeals the 90-day suspension of her drivers license, imposed because of her refusal to submit to a breathalyzer test.  We affirm.[1]
FACTS
Scott was arrested by State Highway Patrol Trooper B. M. Hamm for driving under the influence.  Once at the Greenwood County Detention Center, Trooper Hamm provided Scott with her implied consent rights and, after twenty minutes, offered her a breathalyzer test.  Scott declined the test.  Trooper Hamm documented Scotts refusal and confiscated her drivers license.  The South Carolina Department of Motor Vehicles suspended her license pursuant to S.C. Code Ann. § 56-5-2951(A) (Rev. 2006), which provides that the DMV must suspend the drivers license . . . [of] a person who drives a motor vehicle and refuses to submit to a test provided for in Section 56-5-2950.  Scott appealed the suspension arguing that she did not refuse the breathalyzer because she was never offered the test as proscribed in S.C. Code Ann. § 56-5-2950(a) (Rev. 2006).  This section provides that the breath test must be administered by a person trained and certified by the Department of Public Safety, pursuant to SLED policies.  Id.  Trooper Hamms certification had expired prior to Scotts arrest.  Scott appealed, and the DMV hearing officer upheld her suspension.  Scott then appealed to the circuit court, which affirmed the hearing officers ruling that Trooper Hamms lack of current certification was irrelevant, because Scott had refused to take the test.  
STANDARD OF REVIEW
Although neither party addresses the appropriate scope of review in their briefs, we believe the Administrative Procedures Act governs.  S.C. Code Ann. § 1-23-380 (Supp. 2005).  Considering the questions presented in this case, the APA would allow an appellate court to reverse or modify the agencys decision if the decision was affected by an error of law or was clearly erroneous in light of the reliable, probative, and substantial evidence on the record as a whole.  S.C. Code Ann. § 1-23-380(A)(5)(d)-(e) (Supp. 2005). 
Otherwise, the appellate court would be required to affirm the judgment.  
LAW/ANALYSIS
Scott correctly asserts that S.C. Code Ann. § 56-5-2950(a) requires a breath test to be administered by a certified individual.  She would have us interpret the term administer as inclusive of or equivalent to offer.  However, a plain reading of the entire statute reveals no such intent on the part of the legislature.  The statute contains no certification requirement for a person offering the test.  It simply states:  At the direction of the arresting officer, the [arrestee] must first be offered a breath test to determine the persons alcohol concentration.  Id.  If a statutes language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation, and the court has no right to look for or impose another meaning.  Paschal v. State Election Commn, 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995).  Had the legislature intended to require that a certified person offer the test, it could have expressly included that condition just as it expressly provided for a certified person to administer the test. 
Furthermore, this issue has been discussed by our supreme court in State v. Jansen, 305 S.C. 320, 408 S.E.2d 235 (1991).  In Jansen, the court held that the officers failure to observe certain procedural safeguards intended to ensure the validity of the breath test results did not render the refusal to take the test inadmissible.  

The only evidence offered was the defendants refusal to submit to the test, not the results of such a test.  The Parker precautions[2] do not apply in this situation as there were no test results which required protection from improper testing procedures.  Therefore, the evidence of defendants refusal to submit to the breathalyzer test should not have been suppressed.  

Jansen at 323, 408 S.E.2d at 237.
Likewise, the requirement of a certified breath test administrator is to ensure the validity and accuracy of test results.  In this case as in Parker, there are no results that require protection from improper testing procedures, and the admission of Scotts refusal was proper.
Scott further contends that her notice of suspension was invalid, because it was not signed by a certified DataMaster operator.  This issue was neither raised to nor ruled upon by the trial court and is therefore not preserved for our review.  See State v. Baker, 310 S.C. 510, 513, 427 S.E.2d 670, 672 (1993) (stating an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review). 
We conclude the hearing officers disposition of Scotts appeal was proper, and the decision of the trial court is  
 AFFIRMED.
GOOLSBY, STILWELL, and KITTREDGE, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] To admit breath test results, the State may be required to show that (1) the machine was in proper working order at the time of the test; (2) the correct chemicals had been used; (3) the accused was not allowed to put anything in his mouth for twenty minutes prior to the test; and (4) the test was administered by a qualified person in the proper manner.  See State v. Parker, 271 S.C. 159, 163, 245 S.E.2d 904, 906 (1978).