THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Michele Nichole Craig, Appellant.
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge
Unpublished Opinion No. 2009-UP-603
Heard December 10, 2009  Filed December
 22, 2009
AFFIRMED 

 
 
 
 Michael
 L. Brown Jr., of Rock Hill, for Appellant.
 Attorney
 General Henry Dargen McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General
 Deborah R.J. Shupe, all of Columbia, and Solicitor Kevin S. Brackett, of York,
 for Respondent.
 
 
 

PER
 CURIAM: 
 This appeal involves a 2007 conviction for driving under the influence (DUI). 
 On appeal, Craig argues the trial court erred in failing to dismiss the DUI
 charge, or in the alternative, failing to suppress: (1) the incident site tape
 and results of the field sobriety test in violation of section 56-5-2953 of the
 South Carolina Code (2006); and (2) her refusal of the breath analysis test.[1]  Craig
 further asserts the charge should have been dismissed because the twenty-minute
 waiting period prior to administration of the breath analysis test was not
 videotaped in accordance with sections 56-5-2950 and 56-5-2953 of the South
 Carolina Code (2006)[2].  
We affirm
 pursuant to Rule 220(b)(2), SCACR, and the following authorities:  S.C. Code
 Ann. § 56-5-2953(B) (2006) (stating that failure by the arresting officer
 "to produce" a videotape is not a ground alone for dismissal of a DUI
 charge if the arresting officer submits a sworn affidavit certifying that the
 video equipment was in an inoperable condition and that reasonable efforts have
 been made to maintain the equipment in an operable condition);  State v.
 Dicapua, 373 S.C. 452, 457, 646 S.E.2d 150, 153 (Ct. App. 2007) (Stilwell,
 J., concurring) ("The flaws in the videotape go to the weight of the
 evidence and not to its admissibility."); State v. Salisbury, 330
 S.C. 250, 269, 498 S.E.2d 655, 665 (Ct. App. 1998) (ruling the conflict in
 testimony regarding the administration of the breathalyzer test went to the
 weight of the evidence as opposed to its admissibility); State v. Degnan, 305 S.C.
 369, 371, 409 S.E.2d 346, 348 (1991) (holding the administration of a
 breathalyzer test is not a critical stage at which an accused is entitled to
 counsel); Betterman v.
 State Dep't of Motor Vehicles, 728 N.W.2d 570, 584 (Neb. 2007) ("An arrested motorist refuses to submit
 to a chemical test when the motorist's conduct, demonstrated under the
 circumstances confronting the officer requesting the chemical test, justifies a
 reasonable person's belief that the motorist understood the officer's request
 for a test and manifested a refusal or unwillingness to submit to the requested
 test."); State
 v. Jansen,
 305 S.C. 320, 323, 408 S.E.2d  235, 237 (1991) (finding there was no question
 of the validity of the breath test as a result of failing to videotape the
 defendant for twenty minutes prior to submitting to the test where no test was
 given); Ex Parte Horne, 303 S.C. 30, 32, 397 S.E.2d 788, 789 (Ct. App.
 1990) ("The question of the validity of test methods employed by a breath
 test operator does not arise until a test is given and its results are offered
 as evidence."); S.C. Code Ann. § 56-5-2953 (A)(2)(d) (2006) (requiring the
 videotaping of the twenty minute pre-test waiting period "if the arresting
 offer administers the breath test . . .").  
AFFIRMED.
WILLIAMS,
 PIEPER, and LOCKEMY, JJ., concur.

[1] As an
 additional basis to suppress the breath test, Craig argues that she was never
 offered a breath test.  The trial court did not rule upon this issue, thus it
 is not preserved for review.   State v. Oglesby, 384 S.C.
 289, 293, 681 S.E.2d 620, 622 (Ct. App. 2009) ("In order
 for an issue to be preserved for appellate review, it must have been raised to
 and ruled upon by the trial [court].  Issues not raised and ruled upon in the
 trial court will not be considered on appeal.") (internal quotation
 omitted). 
[2]  These sections
 of the South Carolina Code were in effect at the time of Craigs arrest and
 bench trial.  Section 56-5-2953 was subsequently amended by 2008 Act No. 201, §
 11, effective February 10, 2009.  The 2008 amendment rewrote subsections (1)
 and (2) and substituted "video recording" for "videotape."  See S.C. Code Ann. 56-5-2953 (Supp. 2008). Additionally, section
 56-5-2950 was amended by 2008 Act No. 201, § 9, effective February 10, 2009. 
 The 2008 amendment rewrote this section and redesignated the subsections.  See S.C. Code Ann. § 56-5-2950 (Supp. 2008).