692 S.E.2d 565

**Amy Lynn LAPP, Appellant,**

v.

**SOUTH CAROLINA DEPARTMENT OF
MOTOR VEHICLES, Respondent.**

No. 4665.

Court of Appeals of South Carolina.

Submitted Feb. 1, 2010.
Decided March 31, 2010.

John L. Duffy, III and Edward L. Phipps, of Mount Pleasant, for Appellant.

Frank L. Valenta, Jr., Philip S. Porter, and Linda Annette Grice, of Blythewood, for Respondent.

PER CURIAM.

This appeal arises from the suspension of Amy Lynn Lapp's driver's license by the Department of Motor Vehicles (Department) for refusing to submit to a breath test as required under section 56-5-2950 of the South Carolina Code (2006). The Division of Motor Vehicle Hearings (DMVH) sustained the suspension and the Administrative Law Court (ALC) affirmed.[1] On appeal, Lapp argues that the ALC erred in upholding the DMVH's determination that probable cause existed to arrest her for driving under the influence (DUI).

---

1. After the issuance of its decision, the DMVH's name was changed to the Office of Motor Vehicle Hearings pursuant to Act. No. 279, 2008 S.C. Acts 2311.

She also contends that her arrest was unlawful under section 56-5-6170 of the South Carolina Code (2006). We affirm.[2]

## FACTUAL/PROCEDURAL BACKGROUND

On November 4, 2007, Officer Trevor Simmons of the Mount Pleasant Police Department was dispatched to the scene of an automobile accident. Upon arriving at the scene, he observed Lapp sitting in her vehicle. Officer Simmons questioned Lapp, who admitted that she had struck two vehicles. Having detected a "strong odor" of alcohol coming from Lapp, Officer Simmons asked Lapp to perform a field sobriety test. Lapp refused. After advising Lapp of her *Miranda*[3] rights, Officer Simmons arrested Lapp for DUI and transported her to the Mount Pleasant Police Department for a breath test.

While at the Mount Pleasant Police Department, Lapp was again informed of her *Miranda* rights. She was also advised of her implied consent rights as set forth in section 56-5-2950. Lapp subsequently refused to submit to the breath test, and her driver's license was suspended pursuant to section 56-5-2951(A) of the South Carolina Code (2006).[4]

A few days later, Lapp requested an administrative hearing with the DMVH to challenge her suspension. The DMVH upheld her suspension, and she appealed to the ALC. The ALC affirmed the DMVH's decision, and this appeal followed.

## ISSUES ON APPEAL

1. Did the ALC err in affirming the DMVH's finding that probable cause existed to arrest Lapp for DUI?

2. Was Lapp's arrest unlawful under section 56-5-6170 of the South Carolina Code (2006)?

---

2. We decide this case without oral argument pursuant to Rule 215, SCACR.

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. Since the suspension of Lapp's driver's license, sections 56-5-2950 and 56-5-2951 have been amended. *See* S.C.Code Ann. §§ 56-5-2950, 56-5-2951 (Supp.2009). However, those amendments have no bearing on this case.

## STANDARD OF REVIEW

Section 1–23–610(B) of the South Carolina Code (Supp.2009) sets forth the standard of review for an appeal from an order of the ALC. It provides:

The review of the administrative law judge's order must be confined to the record. The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact. The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C.Code Ann. § 1–23–610(B) (Supp.2009).

## LAW/ANALYSIS

### I. Probable Cause

Lapp argues that the ALC erred in affirming the DMVH hearing officer's finding of probable cause. We disagree.

▉▉▉ The fundamental question in determining the lawfulness of an arrest is whether there was "probable cause" to make the arrest. *Wortman v. City of Spartanburg,* 310 S.C. 1, 4, 425 S.E.2d 18, 20 (1992). "The term 'probable cause' does not import absolute certainty." *State v. Arnold,* 319 S.C. 256, 260, 460 S.E.2d 403, 405 (Ct.App.1995). Rather, probable cause exists "when the circumstances within the arresting officer's knowledge are sufficient to lead a reasonable person to believe that a crime has been committed by the person being arrested." *State v. Baccus,* 367 S.C. 41, 49, 625 S.E.2d 216, 220 (2006).

■ In ascertaining the presence of probable cause, "all the evidence within the arresting officer's knowledge may be considered, including the details observed while responding to information received." *State v. Roper*, 274 S.C. 14, 17, 260 S.E.2d 705, 706 (1979); *see also State v. George*, 323 S.C. 496, 509, 476 S.E.2d 903, 911 (1996) ("Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officers [sic] disposal."). An officer may lawfully arrest for a misdemeanor not committed within his presence where the facts and circumstances observed by the officer give him probable cause to believe that a crime has been freshly committed. *State v. Clark*, 277 S.C. 333, 334, 287 S.E.2d 143, 144 (1982); *State v. Martin*, 275 S.C. 141, 145–46, 268 S.E.2d 105, 107 (1980); *Summersell v. S.C. Dep't of Pub. Safety*, 334 S.C. 357, 367, 513 S.E.2d 619, 625 (Ct.App.1999), *vacated in part on other grounds*, 337 S.C. 19, 522 S.E.2d 144 (1999); *Fradella v. Town of Mount Pleasant*, 325 S.C. 469, 475, 482 S.E.2d 53, 56 (Ct.App.1997).

In *Martin*, a police officer was dispatched to the scene of a reported accident. When he arrived, he found two damaged vehicles parked on the side of the road and a group of fifteen to twenty people gathered at the scene. The defendant, who was "highly intoxicated," admitted to being the driver of one of the vehicles. Based upon those facts, the South Carolina Supreme Court held that the defendant's warrantless arrest was lawful. *Martin*, 275 S.C. at 146, 268 S.E.2d at 108. In reaching that result, the court explained that "the only reasonable conclusion to be drawn was that a collision between the two vehicles had just occurred and that the crime had been freshly committed." *Id.* at 146, 268 S.E.2d at 107.

■ Here, Officer Simmons was dispatched to the scene of an automobile accident. Upon arriving at the scene, he observed Lapp sitting in her vehicle. Lapp, who smelled strongly of alcohol, admitted to Officer Simmons that she had struck two vehicles. When Officer Simmons asked Lapp to perform a field sobriety test, she refused. Under these circumstances, we find that Officer Simmons had probable cause to arrest Lapp for DUI. Because Lapp was still sitting in her vehicle at the scene of the accident, it was reasonable for Officer Simmons to conclude that the accident had recently occurred and that Lapp had freshly committed the crime of DUI.

Although Lapp contends that the Department failed to prove that she was "materially and appreciably impaired," an implied consent hearing "is *not* a trial in regard to the guilt or innocence of the defendant on a DUI charge."[5] *Summersell*, 334 S.C. at 369, 513 S.E.2d at 625. The pertinent question here was not whether Lapp was guilty of DUI, but merely whether probable cause existed to arrest her for that offense. *Id.* at 368–69, 513 S.E.2d at 625. A finding of probable cause may be based upon less evidence than would be necessary to support a conviction. *See Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959) (evidence required to establish guilt is not necessary to authorize a warrantless arrest); *State v. Blassingame*, 338 S.C. 240, 250, 525 S.E.2d 535, 540 (Ct.App.1999) ("Probable cause may be found somewhere between suspicion and sufficient evidence to convict."). In this case, the DMVH hearing officer's finding of probable cause was consistent with holdings from other jurisdictions. *See Miller v. Harget*, 458 F.3d 1251, 1260 n. 5 (11th Cir.2006) ("[T]he fact that Mr. Miller was driving a vehicle, an odor of alcohol emanated from its interior, and his refusal to submit to a field sobriety test was sufficient to give Officer Harget probable cause to arrest."); *Summers v. Utah*, 927 F.2d 1165, 1166 (10th Cir.1991) (holding that undisputed facts regarding plaintiff's operation of his vehicle, the officer's scent of alcohol emanating from the vehicle, and plaintiff's refusal to take a field sobriety test adequately supported magistrate's conclusion that DUI arrest was lawful).

For these reasons, we conclude that the ALC did not err by affirming the DMVH hearing officer's determination that probable cause existed to arrest Lapp for DUI.

## II. Section 56–5–6170

■■ Lapp also contends that her DUI arrest was unlawful under section 56–5–6170 of the South Carolina Code (2006)

---

**5.** When determining whether a motorist committed the offense of DUI under section 56–5–2930 of the South Carolina Code (Supp.2009), "materially and appreciably impaired" is the standard used to assess the motorist's faculties to drive.

because Officer Simmons failed to testify that Lapp violated any traffic laws. We disagree.

Section 56–5–6170 provides in pertinent part:

No police officer in investigating a traffic accident shall necessarily deem the fact that an accident has occurred as giving rise to the presumption that a violation of a law has occurred. Arrests and criminal prosecution for violation of this chapter shall be based upon evidence of a violation of the law.

S.C.Code Ann. § 56–5–6170 (2006).

■ As a threshold matter, it does not appear that this issue is preserved for review. To be preserved for appellate review, an issue must have been: (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity. *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301–02, 641 S.E.2d 903, 907 (2007).

Here, Lapp did not specifically argue to the DMVH hearing officer that the arrest was unlawful under section 56–5–6170. Although Lapp's attorney argued in closing that Lapp's arrest was unlawful and that "there was no testimony given to any impairment in [Lapp's] driving," he did not expressly reference section 56–5–6170. Moreover, neither the DMVH hearing officer nor the ALC mentioned section 56–5–6170 in their decisions. Therefore, we conclude that this issue is not preserved for the court's review. *Cf. Allendale County Bank v. Cadle*, 348 S.C. 367, 377–78, 559 S.E.2d 342, 347–48 (Ct.App. 2001) (finding issue was not preserved for review where it was not specifically raised to the trial court).

Furthermore, even if this issue were preserved, Lapp's argument fails on the merits. Officer Simmons arrested Lapp based on his reasonable belief that she had committed the offense of DUI. Unquestionably, DUI constitutes "a violation of the law." *See* S.C.Code Ann. § 56–5–2930(A) (Supp.2009) ("It is *unlawful* for a person to drive a motor vehicle within this State while under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired ....") (emphasis added). Moreover, as discussed above, Lapp's arrest was predicated upon more than just the fact that an accident had occurred.

In addition to testifying about Lapp's admission regarding the accident, Officer Simmons testified that Lapp smelled strongly of alcohol and that she refused field sobriety testing. Accordingly, we conclude that Officer Simmons did not violate section 56–5–6170 by arresting Lapp for DUI.

## CONCLUSION

For the foregoing reasons, the ALC's order is

**AFFIRMED.**