THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Motor Vehicles, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Andrew Charles
 Maxson, Appellant.
 
 
 
 
 

Appeal from the Administrative Law Court
Carolyn C. Matthews, Administrative Law
Court Judge

Unpublished Opinion No. 2011-UP-258
Submitted May 1, 2011  Filed June 1, 2011    

AFFIRMED

 
 
 
 Reynolds H. Blankenship, Jr., Robert M.P.
 Masella, and Sarah Prentiss Counts, of Columbia, for Appellant.
 General Counsel Frank L. Valenta, Jr.,
 Deputy General Counsel Philip S. Porter, Assistant General Counsel Linda
 Annette Grace, of Blythewood, for Respondent.
 
 
 

PER CURIAM: Andrew Charles Maxson appeals the order of the
 Administrative Law Court (ALC) reversing the hearing officer's decision to
 rescind Maxson's driver's license suspension. On appeal, Maxson argues the ALC
 erred in reversing the hearing officer because the arresting officer did not
 meet his burden of proof by failing to present evidence at the license
 suspension hearing that Maxson was lawfully arrested or detained. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann.
 1-23-380(5) (Supp. 2010) (stating the ALC may reverse the decision of the
 hearing officer if the hearing officer's findings were "clearly erroneous
 in view of the reliable, probative, and substantial evidence on the whole
 record"); S.C. Dep't of Motor Vehicles v. McCarson, 391 S.C.
 136, 149, 705 S.E.2d 425, 431 (2011) (holding the Department has the
 burden of proving probable cause in a license suspension hearing); Lapp v. S.C.
 Dep't of Motor Vehicles, 387 S.C. 500, 506, 692 S.E.2d 565, 568 (Ct. App.
 2010) (finding "an implied consent hearing is not a trial in regard
 to the guilt or innocence of the defendant on a DUI charge," and, thus,
 "[a] finding of probable cause may be based upon less evidence than would
 be necessary to support a conviction.").[2]  
AFFIRMED.
FEW, C.J.,
 PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Maxson also argued on appeal that the ALC did not
 have the authority to change a "finding of fact" by the hearing
 officer; however, the ALC did not reverse a finding of fact.  The hearing
 officer ruled as "a matter of law" under his "conclusions of law"
 that the Department had not met its burden of proof.  The hearing officer
 explained under this legal ruling that, "[t]he smell of alcohol about
 [Maxson's] breath and the failing of the field sobriety tests are evidence of
 impairment; however, those factors alone do [not] establish probable cause that
 [Maxson] was materially and appreciably impaired at the time of the stop."
  Furthermore, "[a]lthough the question of whether probable cause exists is
 ordinarily a jury question, it may be decided as a matter of law when the
 evidence yields but one conclusion." Law v. S.C. Dep't of Corr., 368
 S.C. 424, 436, 629 S.E.2d 642, 649 (2006).  Here the determination of
 probable cause, as stated in the hearing officer's order, was decided as a
 matter of law.