**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark Schnee, Appellant,

v.

South Carolina Department of Motor Vehicles and West Columbia Police Department, Respondents.

Appellate Case No. 2012-211047

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2013-UP-494
Submitted December 1, 2013 – Filed December 23, 2013

**AFFIRMED**

Thomas Micah Leddy, of The Leddy Law Firm, LLC, of Columbia, for Appellant.

Frank L. Valenta, Jr., Linda Annette Grice, and Philip S. Porter, all of the South Carolina Department of Motor Vehicles, all of Blythewood, for Respondents.

**PER CURIAM:** This appeal arises from the suspension of Mark Schnee's driver's license by the Department of Motor Vehicles (DMV) as a result of Schnee's refusal to submit to a breath test as required under section 56-5-2950 of the South Carolina Code (Supp. 2012). The South Carolina Office of Motor Vehicle Hearings (OMVH) sustained the suspension and the Administrative Law Court (ALC) affirmed. On appeal, Schnee argues the ALC erred in upholding the OMVH's determination that: (1) Officer Ronald Fair was trained and certified by the South Carolina Criminal Justice Academy to administer breath tests; and (2) probable cause existed to arrest him for driving under the influence (DUI). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred in affirming the OMVH finding that Officer Fair was trained and certified by the South Carolina Criminal Justice Academy to administer breath tests: *Kearse v. State Health & Human Servs. Fin. Comm'n*, 318 S.C. 198, 200, 456 S.E.2d 892, 893 (1995) (holding the findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence); *State v. Jansen*, 305 S.C. 320, 322-23, 408 S.E.2d 235, 237 (1991) (holding testing precautions "do not apply to the offer and refusal of a breathalyzer test" and a defendant may not question the validity of test methods when "no test was given, and there were no results offered as evidence by the State"); *Ex parte Horne*, 303 S.C. 30, 32, 397 S.E.2d 788, 789 (Ct. App. 1990) ("The question of the validity of test methods employed by a breath test operator does not arise until a test is given and its results are offered as evidence.").

2. As to whether the ALC erred in affirming the OMVH finding that probable cause existed: *Lapp v. S.C. Dep't of Motor Vehicles*, 387 S.C. 500, 506, 692 S.E.2d 565, 568 (Ct. App. 2010) (finding "an implied consent hearing is not a trial in regard to the guilt or innocence of the defendant on a DUI charge" and, thus, "[a] finding of probable cause may be based upon less evidence than would be necessary to support a conviction" (internal quotation marks omitted)); *id.* at 505-06, 692 S.E.2d at 568-69 (concluding the ALC did not err in affirming the OMVH hearing officer's determination that probable cause existed to arrest the defendant for DUI where the arresting officer detected a strong odor of alcohol coming from the defendant's vehicle and she refused to perform a field sobriety test); *State v. George*, 323 S.C. 496, 509, 476 S.E.2d 903, 911 (1996) ("Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officer[']s disposal.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.