**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas A. Williams, Appellant,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-000424

———————

Appeal From Greenwood County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-166
Submitted March 1, 2018 – Filed April 18, 2018

———————

**AFFIRMED**

———————

Robert Jamison Tinsley, Jr., and Clarence Rauch Wise, both of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 56-5-2950(A) (2018) ("A person who drives a motor vehicle in this [s]tate is considered to have given consent to chemical tests of the

person's breath, blood, or urine for the purpose of determining the presence of alcohol, drugs, or the combination of alcohol and drugs, if arrested for an offense arising out of acts alleged to have been committed while the person was driving a motor vehicle while under the influence of alcohol, drugs, or a combination of alcohol and drugs."); *S.C. Dep't of Motor Vehicles v. Nelson*, 364 S.C. 514, 522, 613 S.E.2d 544, 548 (Ct. App. 2005) ("The implied consent laws are driven by public policy considerations. The State has a strong interest in maintaining safe highways and roads. One way to accomplish this goal is to enact laws directed at minimizing drunk driving."); *State v. Jansen*, 305 S.C. 320, 322, 408 S.E.2d 235, 237 (1991) ("[I]t is well established in this [s]tate that one who is arrested for DUI impliedly consents to a breathalyzer test, and that revocation of that consent is constitutionally admissible as prosecutorial evidence at the trial pursuant to that arrest."); *State v. Morgan*, 352 S.C. 359, 365, 574 S.E.2d 203, 206 (Ct. App. 2002) ("The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible."); *id.* at 365-66, 574 S.E.2d at 206 ("All rules of statutory construction are subservient to the one that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.