708 S.E.2d 217

**The STATE, Respondent,**

v.

**Glenn Ireland CORLEY, Petitioner.**

**No. 26957.**

Supreme Court of South Carolina.

Heard Jan. 19, 2011.

Decided April 4, 2011.

C. Rauch Wise, of Greenwood, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and Solicitor Jerry W. Peace, of Greenwood, for Respondent.

Justice KITTREDGE.

We granted a writ of certiorari to review the court of appeals' decision in *State v. Corley,* 383 S.C. 232, 679 S.E.2d 187 (Ct.App.2009). We affirm as modified.

## I.

At approximately 2:50 in the morning, Greenwood City police officer Nicholas Futch saw Petitioner Glenn Ireland Corley drive up to a known drug house,[1] get out of his vehicle, walk to the back of the house, stay for less than two minutes, return to his vehicle and leave. Officer Futch briefly followed Corley's vehicle, then stopped Corley when Corley failed to use a turn signal. While Futch requested Corley's license, insurance, and registration documents, he noticed Corley was

---

1. The residence was known by law enforcement as a place with a "high amount of drug activity." Moreover, Futch had personal knowledge that "several cases were made" at the home and "[a] number of search warrants had been executed" there. Corley has not disputed Futch's characterization of the home as a known drug house.

nervous, "fidgety," short of breath and avoiding eye contact. As a result, Futch asked Corley to step out of his vehicle.

Officer Futch asked Corley about his presence in the neighborhood so early in the morning. Corley informed Futch that he had just left a particular home, but not the residence he had actually visited. Futch confronted Corley with the false information, which soon resulted in Corley's admission that he purchased crack cocaine from the drug house he visited immediately prior to the stop. The traffic stop lasted approximately five to seven minutes. Corley was arrested and charged with possession of crack cocaine.

Following Corley's unsuccessful motion to suppress his statements during the traffic stop and the drugs that were recovered, he was convicted. The court of appeals affirmed.

## II.

We affirm the court of appeals' excellent opinion, with one modification. The court of appeals affirmed the trial court's determination that Officer Futch had probable cause to stop Corley and investigate for possible drug activity. This was error. Nevertheless, the vehicle stop was justified based on the presence of reasonable suspicion.[2] See *State v. Foster,* 269 S.C. 373, 378, 237 S.E.2d 589, 591 (1977) ("It is recognized that the police may briefly detain and question a person upon a reasonable suspicion, short of probable cause for arrest, that he is involved in criminal activity."); *State v. Woodruff,* 344 S.C. 537, 546, 544 S.E.2d 290, 295 (Ct.App.2001) ("The term 'reasonable suspicion' requires a particularized and objective basis that would lead one to suspect another of criminal activity. In determining whether reasonable suspicion exists, the whole picture must be considered. If the officer's suspicions are confirmed or are further aroused, the stop may be prolonged and the scope enlarged as required by the circumstances." (citations omitted)); *see also U.S. v. Mason,* 628 F.3d 123, 128–30 (4th Cir.2010) (providing a thorough discussion of how a motorist's behavior during a traffic stop, including his nervousness and his inconsistent statements regarding the

---

2. The traffic violation served as an independent basis for the vehicle stop.

purpose of his trip, created a reasonable suspicion that the motorist was engaged in illegal activity).

**AFFIRMED AS MODIFIED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.