**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Jack Harrison, Jr., Appellant.

Appellate Case No. 2010-168007

---

Appeal From Saluda County
William P. Keesley, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-348
Heard May 8, 2012 – Filed June 6, 2012

---

**AFFIRMED**

---

Jack B. Swerling of Columbia, Katherine Carruth Goode of Winnsboro for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General William M. Blitch, Jr., all of Columbia, and Solicitor Donald V. Myers, of Lexington, for Respondent.

---

**PER CURIAM:** Jack Harrison, Jr., was indicted for misrepresenting identity to a law enforcement officer, possession of marijuana, and possession with intent to distribute (PWID) methamphetamine. He pled guilty to the charge of misrepresenting his identity, and was convicted of the marijuana and methamphetamine charges. Harrison appeals asserting the trial court erred in (1) admitting evidence obtained as a result of a traffic stop because the basis of the stop was a ruse and the officers did not have reasonable suspicion or probable cause; (2) admitting the marijuana and methamphetamine evidence because the officers exceeded the appropriate parameters for a warrantless search; and (3) admitting the methamphetamine evidence because the State failed to establish a complete chain of custody. We affirm.

1.     We find no error in the trial court's admission of evidence obtained as a result of the traffic stop. First, we note trial counsel did not argue to the trial court that the stop, being based upon the broken windshield, was an improper basis or was some type of ruse. We further note Harrison did not object to the trial court's ruling that the traffic stop provided an independent basis for the stop, such that a reasonable suspicion analysis for an investigatory stop was not necessary. Thus, it is questionable whether this argument is properly preserved. *See State v. Stahlnecker*, 386 S.C. 609, 617, 690 S.E.2d 565, 570 (2010) (holding an objection must be made on a specific ground, and for an issue to be properly preserved it has to be raised to and ruled on by the trial court). Regardless, we find no error, as there is sufficient evidence that the traffic stop was proper based upon the officer's observation of a cracked windshield. *See State v. Banda*, 371 S.C. 245, 252, 639 S.E.2d 36, 40 (2006) ("The decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."); *see also State v. Corley*, 392 S.C. 125, 126-27 n.2, 708 S.E.2d 217, 217-18 n.2 (2011) (*Corley II*) (noting, where officer observed certain actions by defendant raising officer's suspicion and causing officer to follow defendant in car, and officer initiated traffic stop after observing defendant failing to use a turn signal, the traffic violation served as an independent basis for the vehicle stop); *State v. Corley*, 383 S.C. 232, 240, 679 S.E.2d 187, 191-92 (Ct. App. 2009) (*Corley I*), *aff'd as modified*, 392 S.C. 125, 708 S.E.2d 217 (2011) (holding a minor traffic violation arrest would not be rendered invalid by the fact it was a "mere pretext for a narcotics search").

2.     We find no error in the trial court's admission of the marijuana and methamphetamine evidence based on Harrison's argument the officers exceeded the appropriate parameters for a warrantless inventory search. First, we again find it questionable whether Harrison's appellate argument regarding the opening of

closed containers resulting from inventory searches and the requirement of a department policy on the matter, is preserved for review, as it is not clear that trial counsel raised this argument to the trial court.  Even assuming, as Harrison contends, the specific grounds are apparent from the record, it is clear that the trial court did not rule on the issue of opening closed containers during inventory searches and the requirement of policies on the matter.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (holding, in order for an issue to be preserved for appellate review, it must have been *raised to and ruled upon* by the trial court; issues not so raised and ruled upon in the trial court will not be considered on appeal).  Additionally, when trial counsel moved to suppress the drug evidence based upon the officers' failure to obtain a search warrant, and the trial court ruled that the can simply fell apart, thus indicating there was no search of the can, trial counsel did not argue against the court's ruling, but apparently accepted this basis for denying the motion to suppress.  Trial counsel never argued to the trial court that the evidence did not support the court's determination that the can simply fell apart, nor did he argue that the can only fell apart because the officer improperly shook the can.  Thus, these arguments made by Harrison on appeal are not preserved for review.  *See State v. Patterson*, 324 S.C. 5, 16, 482 S.E.2d 760, 765 (1997) (noting an issue is not preserved for review if the objecting party accepts the judge's ruling and does not contemporaneously make an additional objection).  At any rate, we find the evidence in the record supports the trial court's ruling that the can simply fell apart, thereby revealing the drugs in question.  *See State v. Winkler*, 388 S.C. 574, 583, 698 S.E.2d 596, 601 (2010) (noting the admission or exclusion of evidence is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion; an abuse of discretion occurs when the trial court's conclusions either lack evidentiary support or are controlled by an error of law).

3.     We find no error in the trial court's admission of the methamphetamine evidence based on Harrison's argument the State failed to establish a complete chain of custody of the substance from the time it was seized until it was analyzed.  In regard to the argument concerning the four-month period the evidence was at SLED, the law provides a party offering fungible items such as drugs or blood samples into evidence must establish a complete chain of custody as far as practicable.  *State v. Hatcher*, 392 S.C. 86, 91, 708 S.E.2d 750, 753 (2011).  The police need not account for every hand-to-hand transfer of a fungible item; rather, it is sufficient if the evidence demonstrates a reasonable assurance the condition of the item remains the same from the time it was obtained until the time it is introduced at trial.  *Id.* at 94, 708 S.E.2d at 754.  As to Harrison's assertion the trial court abused its discretion in admitting the evidence based upon admittedly

inaccurate information presented by the State concerning the custody of the evidence on May 9 and 10, 2006, while in custody of officers with the Saluda County Sheriff's Office, we likewise find no error. Harrison contends there is inconsistency in the evidence as to who placed the item in the drop box and when, and the trial court therefore abused its discretion in admitting the evidence. This argument does not involve a missing link in the chain. Rather, it involves a discrepancy in regard to the evidence. "Courts have abandoned inflexible rules regarding the chain of custody and the admissibility of evidence in favor of a rule granting discretion to the trial courts." *Id.* Whether the chain of custody has been established as far as practicable depends on the unique factual circumstances of each case. *Id.* "The ultimate goal of chain of custody requirements is simply to ensure that the item is what it is purported to be." *Id.* at 95, 708 S.E.2d at 755. Further, where the identity of persons handling a specimen is established, our courts have found evidence regarding its care goes only to the weight of the fungible item as credible evidence, and "[w]here there is a weak link in the chain of custody, as opposed to a missing link, the question is only one of credibility and not admissibility. " *State v. Carter*, 344 S.C. 419, 424, 544 S.E.2d 835, 837 (2001); *see also State v. Johnson*, 318 S.C. 194, 196, 456 S.E.2d 442, 444 (Ct. App. 1995) (holding, although a discrepancy existed as to the dates the evidence custodian received the drug evidence from the detective, no evidence was presented to indicate the drugs were not within the control of identifiable people during the entire time, and a reconciliation of the discrepancy was not necessary to establish the chain of custody, but merely reflected upon the credibility of the evidence rather than its admissibility). Here, the identity of persons handling the evidence was established and there was no evidence presented to indicate the fungible item was not within the control of identifiable people during the entire time. The discrepancy in regard to the evidence did not render the drug evidence inadmissible, but reflected only on the credibility of the evidence. Accordingly, we find the trial court did not abuse its discretion in finding the chain of custody sufficient under the unique facts of this case.

For the foregoing reasons, Harrison's convictions are

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**