**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Raheem Jamar Bonham, Appellant.

Appellate Case No. 2013-001364

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2015-UP-417
Submitted July 1, 2015 – Filed August 12, 2015

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General John Benjamin Aplin, all of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Corley*, 383 S.C. 232, 239, 679 S.E.2d 187, 191 (Ct. App.

2009) ("In criminal cases, the appellate court sits to review errors of law only. We are bound by the trial court's factual findings unless they are clearly erroneous. This same standard of review applies to preliminary factual findings in determining the admissibility of certain evidence in criminal cases. In Fourth Amendment search and seizure cases, our review is limited to determining whether any evidence supports the trial court's finding. Upon such review, an appellate court may reverse only when the trial court's decision is clear error. Under the 'clear error' standard, the appellate court will not reverse a trial court's finding of fact simply because it may have decided the case differently." (citations and internal quotation marks omitted)), *aff'd as modified*, 392 S.C. 125, 708 S.E.2d 217 (2011); *State v. Taylor*, 401 S.C. 104, 108, 736 S.E.2d 663, 665 (2013) ("A trial court's Fourth Amendment suppression ruling must be affirmed if supported by any evidence . . . ."); *Rakas v. Illinois*, 439 U.S. 128, 148-50 (1978) (finding passengers of a vehicle did not have an expectation of privacy in the car's glove compartment or the area under the seat of the car, and the court did not need to determine whether the search of the car was unlawful); *Palacio v. State*, 333 S.C. 506, 514, 511 S.E.2d 62, 66 (1999) ("Warrantless searches and seizures are reasonable within the meaning of the Fourth Amendment when conducted under the authority of voluntary consent."); *State v. Pichardo*, 367 S.C. 84, 106, 623 S.E.2d 840, 851-52 (Ct. App. 2005) ("A trial judge's conclusions on issues of fact regarding voluntariness will not be disturbed on appeal unless so manifestly erroneous as to be an abuse of discretion."); *Corley*, 383 S.C. at 240, 679 S.E.2d at 191 ("A police officer may stop and briefly detain and question a person for investigative purposes, without treading upon his Fourth Amendment rights, when the officer has a reasonable suspicion supported by articulable facts, short of probable cause for arrest, that the person is involved in criminal activity.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.