**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tracy Lynn Adams, Appellant,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety, Respondents.

Appellate Case No. 2013-002225

———————

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2015-UP-503
Heard September 15, 2015 – Filed November 4, 2015

———————

**AFFIRMED**

———————

C. Rauch Wise, of C. Rauch Wise Attorney at Law, of Greenwood, for Appellant.

Frank L. Valenta Jr., Linda Annette Grice, and Philip S. Porter, all of South Carolina Department of Motor Vehicles, of Blythewood, for Respondents.

———————

**PER CURIAM:** Tracy Adams appeals the suspension of her driver's license, arguing the South Carolina Office of Motor Vehicle Hearings hearing officer erred

in (1) finding the stop was lawful and based on probable cause and (2) failing to declare the implied consent law unconstitutional. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *State v. Corley*, 383 S.C. 232, 240, 679 S.E.2d 187, 191 (Ct. App. 2009) ("Generally, the decision to stop an automobile is reasonable when the police have probable cause to believe a traffic violation has occurred."), *aff'd as modified*, 392 S.C. 125, 708 S.E.2d 217 (2011); *Lapp v. S.C. Dep't of Motor Vehicles*, 387 S.C. 500, 506, 692 S.E.2d 565, 568 (Ct. App. 2010) ("A finding of probable cause may be based upon less evidence than would be necessary to support a conviction."); *State v. Blassingame*, 338 S.C. 240, 250, 525 S.E.2d 535, 540 (Ct. App. 1999) ("Probable cause may be found somewhere between suspicion and sufficient evidence to convict."); *State v. George*, 323 S.C. 496, 509, 476 S.E.2d 903, 911 (1996) ("Whether probable cause exists depends upon the totality of the circumstances surrounding the information at the officer[']s disposal."); S.C. Code Ann. § 56-5-1900 (2006) ("Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply: (a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained that such movement can be made with safety."); *State v. Vinson*, 400 S.C. 347, 353, 734 S.E.2d 182, 185 (Ct. App. 2012) ("The plain language of section 56-5-1900 requires a driver to maintain his vehicle 'entirely within a single lane' and excuses this mandate only when it is not practicable or the driver can safely change lanes."); *id.* at 349, 353, 734 S.E.2d at 183, 185 (affirming "the circuit court's decision that [an officer] was justified in stopping [a driver] for a perceived violation of section 56-5-1900" when the officer testified the driver "drift[ed] 'back and forth' between the double yellow lines," and he suspected the driver was under the influence of alcohol); *id.* at 353 n.3, 734 S.E.2d at 185 n.3 (finding persuasive "the line of cases [from other jurisdictions] in which courts have found the purpose of the 'as nearly as practicable' language is to keep both drivers and pedestrians safe, not to allow motorists the option of when they will or will not abide by a lane requirement").

As to Issue 2: *Video Gaming Consultants, Inc. v. S.C. Dep't of Revenue*, 342 S.C. 34, 38, 535 S.E.2d 642, 644 (2000) (holding the ALC should not rule on the constitutionality of statutes); *id.* ("[The ALC is] an agency of the executive branch of government and must follow the law as written until its constitutionally is judicially determined; [the ALC] ha[s] no authority to pass upon the constitutionality of a statute or regulation."); *S.C. Dep't of Motor Vehicles v.*

*Nelson*, 364 S.C. 514, 526, 613 S.E.2d 544, 550 (Ct. App. 2005) ("Because [the driver] did not consent to [a breathalyzer test], the scope of the hearing was limited to whether [the driver] (1) was lawfully arrested, (2) was advised in writing of his section 56-5-2950 [of the South Carolina Code (Supp. 2014)] rights, and (3) refused to submit to a test.").

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**